IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.A. CURTZE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:14-cv-227 |
| v. ) | Judge Nora Barry Fischer |
| ) | |
| UNITED FOOD & COMMERCIAL ) | |
| WORKERS INTERNATIONAL UNION, ) | |
| DISTRICT UNION LOCAL ONE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

AND NOW, this 21st day of January, 2015, upon consideration of Defendant United Food and Commercial Workers International Union, District Union Local One's Motion to Dismiss, (Docket No. [10]), and Brief in Support, (Docket No. [11]), and Plaintiff's Brief in Opposition thereto, (Docket No. [18]),

IT IS HEREBY ORDERED that Defendant's Motion, (Docket No. [10]) is DENIED, with prejudice, for the following reasons.

In its Brief in Support of the Motion to Dismiss, Defendant argues that this matter should be dismissed and resolved in arbitration, as the parties agreed to same in their Agreement, which is filed as Exhibit "A" to the Complaint at Docket No. 1-1. (Docket No. 11 at 8-17). Plaintiff disagrees, and contends that the Complaint was properly filed with this Court. (Docket No. 18 at 2-19).

The United States Court of Appeals for the Third Circuit limits judicial review of an agreement to arbitrate to two threshold questions: (1) Did the parties seeking or resisting arbitration enter into a valid arbitration agreement?; and (2) Does the dispute between those parties fall with the language of the arbitration agreement? *CardioNet, Inc. v. Cigna Health*

1

*Corp.*, 751 F.3d 165, 172 (3d. Cir. 2014) (quoting *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d. Cir. 1998) (quotations omitted)).

Upon its review of the Agreement in this case, the parties' arguments, and the pertinent case law, in this Court's estimation, the parties did not agree to arbitrate this dispute. In support of same, the Court finds the following cases controlling: *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238 (1962); *Lehigh Portland Cement Co. v. Cement, Lime, Gypsum, & Allied Workers Div., Int'l Bhd. of Boilermakers, Blacksmiths, Iron Ship Builders, Forgers & Helpers*, 849 F.2d 820 (3d Cir. 1988); and *Affiliated Food Distributors, Inc. v. Local 229, International Brotherhood of Teamsters*, 483 F.2d 418 (3d Cir. 1973). As the Third Circuit summarized in *Lehigh Portland Cement*:

> [W]hen a contract contains no language which explicitly contemplates or permits the employer to initiate arbitration procedures, and the grievance structure is designed solely to afford the union the right to arbitrate, we have held that an employer, despite the presence of arbitration procedures in the collective bargaining agreement, is not bound to assert its claims before an arbitrator. Rather, we have permitted the employer to bring its claim against the union in the district court. *Affiliated Food Distributors, Inc. v. Local 229, International Brotherhood of Teamsters*, 483 F.2d 418 (3d Cir. 1973); *Boeing*, 370 F.2d at 971.

*Lehigh Portland Cement*, 849 F.2d at 822.

Accordingly, the Court having denied Defendant's Motion, (Docket No. [10]), Defendant shall file its Answer to Plaintiff's Complaint by **February 4, 2015.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.